

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-14-1120

| | |
|---|---|
| JORDYN BILLINGSLEY<br><br>APPELLANT<br><br>V.<br><br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND D.B., A MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** May 27, 2015<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. JV-2014-299-6-4]<br><br>HONORABLE LEON N. JAMISON, JUDGE<br><br>AFFIRMED; MOTION GRANTED |

### RITA W. GRUBER, Judge

Appellant Jordyn Billingsley appeals from the order of the Jefferson County Circuit Court adjudicating her son, D.B. (DOB 1-27-14), dependent-neglected. Appellant's counsel has filed a motion to withdraw as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court and Court of Appeals Rule 6-9(i).[1] Counsel's brief discusses each adverse ruling and explains why there is no meritorious basis for an appeal. Despite being given the opportunity to do so, appellant has filed no pro se points for reversal. We grant counsel's motion to withdraw and affirm the court's adjudication of dependency-neglect.

A "dependent-neglected juvenile" includes any juvenile who is at substantial risk of

---

[1]*See Gipson v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 137 (holding that a no-merit appeal of an adjudication order is authorized under Rule 6-9 of the Rules of the Arkansas Supreme Court and Court of Appeals); *see also Duvall v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 261, 378 S.W.3d 873.

serious harm as a result of abandonment, abuse, sexual abuse, sexual exploitation, neglect, or parental unfitness. Ark. Code Ann. § 9-27-303(18)(A) (Supp. 2013). Adjudication hearings are held to determine whether the allegations in a dependency-neglect petition are substantiated by the proof. Ark. Code Ann. § 9-27-327(a)(1) (Supp. 2013). The Arkansas Department of Human Services (DHS) has the burden of proving that the children are dependent-neglected, and in dependency-neglect cases, that burden of proof is by a preponderance of the evidence. Ark. Code Ann. § 9-27-325(h)(1) & (2)(B) (Supp. 2013). The focus of an adjudication hearing is on the child, not the parent; at this stage of a proceeding, the juvenile code is concerned with whether the child is dependent-neglected. *Worrell v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 671, at 10, 378 S.W.3d 258, 263. We review a trial court's findings of fact de novo, but we will not reverse those findings unless they are clearly erroneous, giving due regard to the trial court's opportunity to judge the credibility of the witnesses. *Brewer v. Ark. Dep't of Human Servs.*, 71 Ark. App. 364, 364, 43 S.W.3d 196, 199 (2001).

On May 29, 2014, appellant took her then four-month-old son, D.B., to Arkansas Children's Hospital (Children's) because he was vomiting, appeared dehydrated, and was not responding normally. An examination revealed that D.B. had over forty fractures on his body, which were in various stages of healing; multiple bruises; and two skull fractures that produced life-threatening subdural hematomas. At trial, Dr. Karen Farst, a specialist in child-abuse pediatrics who examined D.B. at Children's, stated that the hematomas would have caused D.B.'s death within a fairly short time without medical attention and opined that the

2

SLIP OPINION

injuries were the result of child abuse.

Appellant lived with her parents for two months after D.B.'s birth and then moved in with her brother briefly before moving in with her boyfriend, Jeremy Myers. Appellant told investigators that her boyfriend, Jeremy Myers, who sometimes babysat D.B., told her that he had grabbed D.B. when he nearly rolled off the bed and that he sometimes grabbed the child too roughly, squeezed him, pinched him, and bit him. She also admitted to investigators that she had, on occasion, placed her hand over D.B.'s mouth to stifle his crying.

DHS placed an emergency hold on D.B. at Children's on May 29, 2014, and an adjudication hearing was held on August 5 and 22, 2014. The court found by a preponderance of the evidence that D.B. was dependent–neglected, specifically finding that he had been severely beaten and was within hours of dying at the time he was treated at Children's. The court found that Jeremy Myers was the abuser of the child, that appellant knew this and continued to live with Mr. Myers, that appellant placed her hand over the child's mouth in an attempt to stop him from crying, and that she expressed a desire during the pendency of the proceeding to resume her relationship with Mr. Myers. The court stated that a parent has a duty to protect a child and must take affirmative steps to protect him or her from harm. In this case, the court found that appellant failed to take reasonable actions to protect D.B. from Mr. Myers. The court also found that D.B. had been abused and subjected to chronic, extreme, and repeated cruelty and was at a substantial risk of serious harm because of the physical abuse inflicted by Mr. Myers. Finally, the court found by clear

and convincing evidence that appellant had subjected D.B. to aggravated circumstances of physical abuse.[2]

We turn first to the adverse ruling that D.B. was dependent-neglected. A dependent-neglected child includes a child who is at substantial risk of serious harm as a result of abuse, neglect, or parental unfitness. Ark. Code Ann. § 9-27-303(18)(A). The focus is not on the parent at this stage of the proceedings but on the child. *Gipson*, 2011 Ark. App 137, at 2. Having reviewed of the record and counsel's discussion in her brief of this adverse ruling, we agree that an appeal of this ruling would be frivolous. Counsel has also adequately briefed the remaining adverse rulings.

Having examined the record and the briefs before us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit motions, and we hold that the appeal is wholly without merit. Accordingly, we grant counsel's motion to withdraw and affirm the order adjudicating D.B. dependent-neglected.

Affirmed; motion granted.

HARRISON and VAUGHT, JJ., agree.

*Deborah R. Sallings*, for appellant.

No response.

---

[2]At the adjudication hearing, the court also considered DHS's motion to terminate reunification services, which it granted in its order adjudicating D.B. dependent-neglected. Because a no-reunification order is not immediately appealable without a Rule 54(b) certificate under Rule 6-9(a) of the Rules of the Arkansas Supreme Court and Court of Appeals, and no certificate was entered in this case, counsel stated that she has not challenged or briefed this ruling on appeal.

SLIP OPINION