Cite as 2015 Ark. App. 608

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-15-568

| | |
|---|---|
| JORDYN BILLINGSLEY<br><div align="right">APPELLANT</div><br>V.<br><br>ARKANSAS DEPARTMENT OF<br>HUMAN SERVICES<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 28, 2015<br><br>APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[NO. JV-2014-299-4]<br><br>HONORABLE LEON N. JAMISON,<br>JUDGE<br><br>AFFIRMED; MOTION GRANTED |

### RITA W. GRUBER, Judge

In *Billingsley v. Arkansas Department of Human Services*, 2015 Ark. App. 348, counsel for Jordyn Billingsley brought a no-merit appeal from the Jefferson County Circuit Court's 2014 order adjudicating her infant son, D.B., dependent–neglected. We granted counsel's motion to withdraw and affirmed the adjudication. *Id.* Now before us is a no-merit appeal from the circuit court's subsequent order of April 6, 2015, terminating Billingsley's parental rights to the child and leaving custody with his father. *See Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004); Ark. Sup. Ct. R. 6-9(i)(1) (2015). Billingsley has been notified of her right to file pro se points for reversal but has not filed points. *See* Ark. Sup. Ct. R. 6-9(i)(3) (2015).

Counsel's brief addresses the only rulings that were adverse to Billingsley in the present case. Counsel concludes that any argument challenging the statutory grounds for terminating Billingsley's parental rights or challenging the best-interest finding would be wholly frivolous.

She also concludes that, although the court erred in sustaining an objection during particular testimony, the ruling does not constitute reversible error because evidence overwhelmingly supports the court's decision to terminate Billingsley's parental rights.

Based on our examination of the record and the brief presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit motions in termination cases, and we hold that the appeal is without merit. We affirm, by memorandum opinion, the order terminating Billingsley's parental rights. *See In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985); Ark. Sup. Ct. R. 5-2(e) (2015). Counsel's motion to withdraw is granted.

Affirmed; motion granted.

GLADWIN, C.J., and HARRISON, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

No response.

2